UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| LAJUAN MARQUEST WOODS, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:24-cv-152 |
| v. | ) | Judge Atchley |
| SILVERDALE DETENTION CENTER, *et al.*, | ) | Magistrate Judge Steger |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a federal prisoner currently housed in the Irwin County Detention Center in Ocilla, Georgia, filed a (1) pro se complaint under 42 U.S.C. § 1983 regarding events that transpired while he was housed at the Silverdale Detention Center [Doc. 1] and (2) motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion [*Id.*] and **DISMISS** this action without prejudice.

I.  **MOTION TO PROCEED** *IN FORMA PAUPERIS*

It appears from Plaintiff's motion that he cannot pay the filing fee in a lump sum. Accordingly, this motion [Doc. 4] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent

(1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983.

B. **Plaintiff's Allegations**

Plaintiff suffers with a partial loss of vision, headaches, anxiety, pain, and high blood pressure [Doc. 1 at 7]. While Plaintiff was at the Silverdale Detention Center, he kept control of his prescribed eye medication and nasal spray [Doc. 1-1]. However, Plaintiff was noncompliant with his eye and hypertension medication because it caused him constipation, and Defendants did not give him his eye medications everyday [Doc. 1 at 5, 7]. Plaintiff sought medical treatment for nosebleeds and failing eyesight in September and October 2023 [*Id*. at 5–7]. But Plaintiff refused to go to one medical appointment in September because he did not want to wear the ankle shackles due to his medical problems [Doc. 1 at 4; Doc. 1-1]. And when he did see Defendants, they repeatedly told him that he had upcoming optometry and ear, nose, and throat appointments [Doc. 1 at 5–7]. However, Plaintiff was never taken to a doctor's appointment [*Id*. at 6, 7].

Silverdale Detention Center had a grievance procedure, but Plaintiff did not file a grievance as to his claims [*Id*. at 8–9]. By October 2023, Plaintiff "was trying" to file a grievance but did not, as the kiosk was "hard to get to" and was sometimes out of service [*Id*. at 5]. Aggrieved by these circumstances, Plaintiff filed this civil action asking the Court to award him $800,000 for pain and suffering [*Id*.].

C.  **Analysis**

The PLRA specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means the prisoner plaintiff must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88. To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)).

While failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints," a complaint that sets forth allegations which, taken as true, establish that the plaintiff has failed to exhaust his available administrative remedies is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Barnett v. Laurel Cnty., Kentucky*, No. 16-5658, 2017 WL 3402075, at *1–2 (6th Cir. Jan. 30, 2017) (affirming district court's dismissal of the complaint at screening for failure to exhaust where the complaint demonstrated on its face that the plaintiff had failed to pursue available administrative remedies) (citing *Bock*, 549 U.S. at 215 and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (providing that "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust")).

4

It is apparent from the face of Plaintiff's complaint that the Silverdale Detention Center has a grievance process. It is also apparent that Plaintiff did not utilize that process prior to filing this action. And while Plaintiff states he did not follow the grievance process because the kiosk was difficult to reach and sometimes did not work, he was nonetheless required to make some effort to exhaust his administrative remedies. *See Napier v. Laurel Cnty. Ky.*, 636 F.3d 218, 223–24 (6th Cir. 2011). He did not do so. Thus, this action is subject to dismissal due to Plaintiff's failure to exhaust his available administrative remedies prior to filing this action. *Barnett*, 2017 WL 3402075, at *1–2; *see also Mattox v. Edelman*, 851 F.3d 583, 592–93 (6th Cir. 2017) (noting that "the PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced"); *Johnson v. Burt*, No. 21-2878, 2023 WL 2125744, at *2 (6th Cir. Feb. 15, 2023) ("Exhaustion may not be completed after filing a complaint.") (citations omitted).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

                                                */s/ Charles E. Atchley, Jr.*
                                                **CHARLES E. ATCHLEY, JR.**
                                                **UNITED STATES DISTRICT JUDGE**